IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-cv-216-TFM |
| | ) | [wo] |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Following administrative denial of his application for Supplemental Security Income benefits under Title XVI of the Social Security Act, Jeffery White ("White" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court concludes the Commissioner's decision denying supplemental security income benefits is **AFFIRMED**.

### **I. NATURE OF THE CASE**

White requests judicial review of the Commissioner of Social Security Administration's decision denying his application for supplemental security income benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 F. App'x 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence

preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK [1]

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[2] *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to

---

[1] For the purposes of this appeal, the Court utilizes the versions effective until March 27, 2017 as that was the version in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[2] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

assure that their income does not fall below the poverty line.³ Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520;⁴ *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, 458 (11th Cir. June 10, 2015). The ALJ determines:

---

³   SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

⁴   For the purposes of this appeal, the Court utilizes the versions effective until March 27, 2017 as that was the version in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if

there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id*. A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

### IV. BACKGROUND AND PROCEEDINGS

White claims disability due to osteoarthritis of the right knee and resulting central pain syndrome (CPS). R. 166; *see also* Doc. 15 at p. 3. Following initial administrative denial of his claim, White requested a hearing before an administrative law judge ("ALJ"). R. 96-102. ALJ Renita F. Barnett-Jefferson ("the ALJ") convened an in-person hearing on July 1, 2015. R. 38-76. White was represented by an attorney at the hearing. The ALJ received direct testimony from White and a vocational expert. The remaining evidentiary record consisted of medical reports from treating sources and examining consultants who examined White and reviewed

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

records upon request of Alabama Disability Determination Services.[6] The ALJ rendered an unfavorable verdict on August 21, 2015. R. 21-34. On February 14, 2017, the Appeals Council denied White's request for review. R. 1-4. This Social Security Appeal was filed on April 12, 2017. *See* Doc. 1, Complaint.

## V. ADMINISTRATIVE DECISION

Employing the five-step process, the ALJ found that White has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2);[7] the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and White cannot perform his past relevant work (Step 4). R. 26-32. As such, White met his prima facie case for disability and the burden shifted to the Commissioner to show there are a significant number of jobs in the national economy which he can perform.

At Step Four, the ALJ found White had the RFC to perform a reduced range of sedentary work with the use of a cane for walking only. R. 28. Specifically, after evaluating the entire record, the ALJ determined

> White can occasionally push and pull with his lower extremities bilaterally in the operation of foot controls. He can frequently stoop but occasionally crawl, crouch, kneel, balance, and climb ramps and stairs. The claimant never can climb ladders or scaffolds. He should have occasional exposure to uneven terrain but never work in environments of unprotected heights or moving mechanical parts. The claimant is limited to simple tasks with the avoidance of quick decision-making, excessive workloads, rapid changes, and multiple demands. Interaction

---

[6] Samuel D. Williams, M.D. R. 85. "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

[7] The ALJ found the following "severe" combination of impairments: history of right knee arthroscopy; osteoarthritis ("OA"); chronic pain syndrome ("CPS"); spinal degenerative disc disease; obesity; borderline intellectual functioning ("BIF"); anxiety; and personality disorder. R. 26.

with the public should be occasional, brief and superficial. The interaction with supervisors should also be brief and casual. There should be few, gradually introduced changes in a routine work setting.

R. 28.

As a result of these limitations, the ALJ determined White could not perform past relevant work. R. 32. Therefore, the ALJ moved to Step Five to determine whether White could perform other jobs in the national economy and determined there are jobs that exist in significant numbers in the national economy that White could perform. R. 33-34. The ALJ utilized the Medical-Vocational Rules and Vocational Expert testimony regarding jobs in existing in the national economy which White could perform. The VE provided several examples of jobs which White could perform such as Folder, Electronic Worker, and Assembler. R. 33, 68-75. Consequently, the ALJ found White has not been disabled since the alleged onset date. R. 34.

## VI. ISSUES

White raises a single issue on appeal: Whether the ALJ failed to give appropriate weight to the opinion of his treating physician. *See* Doc. 15, Pl. Br. at 2.[8]

## VII. DISCUSSION AND ANALYSIS

In the case at hand, Plaintiff argues that the ALJ failed to give appropriate weight to Dr. Ritchea and his medical source statement. *See* Doc. 15 at p. 2, 5-9. The Commissioner responds that the ALJ properly evaluated Dr. Ritchea's opinion and provided good cause for rejecting the opinion. *See* Doc. 16 at p. 4-8.

---

[8] While the Court does examine the entire record for obvious legal error and a general substantial evidence review, this is the sole issue raised on appeal. Therefore, the Court will direct its focus on that issue. *See United States v. Valladares*, 544 F.3d 1257, 1267 (11th Cir. 2008) (issues not challenged on appeal are deemed abandoned); *Marek v. Singletary*, 62 F.3d 1295, 1298 no. 2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); *Callahan v. Barnhart*, 186 F. Supp.2d 1219, 1230 (M.D. Fla. 2002) (citations omitted) (stating same); *George v. Astrue*, Civ. Act. No. 1:11-cv-2558, 2012 U.S. Dist. LEXIS 122644, *4, 2012 WL 3903069 *1(N.D. Ala. Aug. 29, 2012) (citations omitted) (stating same).

The regulations give preference to the opinion of the treating physicians. 20 C.F.R. § 404.1527(d)(1)-(2); *Winschel*, 631 F.3d at 1179 ("Absent good cause, an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight.") (internal citations and quotations omitted). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight . . . ." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). However, "the ALJ has the discretion to weigh objective medical evidence and may choose to reject the opinion of a treating physician while accepting the opinion of a consulting physician...[but] if he follows that course of action, he must show 'good cause' for his decision." *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1114 (M.D. Ala. 2003); *see also Phillips*, 357 F.3d at 1240 (quoting *Lewis,* 125 F.3d at 1440) (The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241). In other words, the Eleventh Circuit has found good cause for discounting a treating physician's report when the report "is not accompanied by objective medical evidence or is wholly conclusory." *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir.1991)). Additionally, there is good cause where the treating physicians' opinions are "inconsistent with their own medical records[.]" *Roth v. Astrue*, 249 F. App'x 167, 168 (11th Cir. 2007) (citing *Lewis*, 125 F.3d at 1440). However, the ALJ must clearly articulate his reasons for disregarding the opinion of a treating physician. *Winschel*, 631 F.3d at 1179. Thus, "[w]hen the ALJ articulates specific reasons for not giving the treating physician's opinion controlling

weight, and those reasons are supported by substantial evidence, there is no reversible error." *Schuhardt v. Astrue*, 303 F. App'x 757, 759 (11th Cir. 2008) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

Further, although a physician's opinion about what a claimant can or cannot do is relevant, these opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c*); see also Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive").

The ALJ discussed that the medically determinable impairments could be reasonably expected to cause the alleged symptoms, but the statements concerning intensity, persistence and limiting effects of the symptoms were not entirely credible. When focusing on the issue presented by White in his brief, the Court looks to the ALJ's analysis of Dr. Ritchea's opinion in conjunction with the remaining medical records and other evidentiary and testimonial support. The ALJ provided a detailed summary of White's medical records. R. 29-32. The ALJ specifically notes that she gives Dr. Ritchea's medical source statement ("MSS") little weight because it is directly contradicted by his own treatment notes and the longitudinal objective record does not support Dr. Ritchea's conclusions. R. 31. The ALJ also discussed the treating physician Dr. Dexter Walcott and consulting examiners Dr. Sarat Meka and Dr. John Gam. R. 29-30; *see also* R. 208-229 (Dexter Walcott); R. 262-267 (Sarat Meka, M.D); R. 268-272 (John Cam, Ph.D). Dr. Walcott discussed Plaintiff's complaints to include issues with long term standing but indicated he could do sedentary activities and even suggested work. R. 209-217. Dr. Walcott also noted that White missed visits and attended only about a third of his scheduled physical

therapy appointments. R. 29; 218-220. Additionally, the ALJ noted that the consulting physical examination conducted by Dr. Meka found few significant limitations. Dr. Meka noted White had a slightly diminished range of motion in his knees but otherwise determined that he had full muscle strength in all his extremities, normal dexterity and grip strength, could walk without the assistive device, climbed onto the examination table without difficulty, and had a normal gate. R. 31. Next, the ALJ noted that the psychological consultative examination done by Dr. Gam. Of note, Dr. Gam did not find blatant malingering, but did suspect the claimant "does seem to embellish his symptoms." R. 30, 271. Finally, the ALJ discussed White's activities. Though White testified he has difficulty gardening, in the daily activities section of his consultative with Dr. Gam, he indicates he enjoys some gardening. R. 62, 270.

Ultimately, the ALJ determined that "the cumulative weight of credible evidence in favor of a finding that the claimant's ability to function has not been so severely eroded as to preclude all work activity far exceeds the cumulative weight of the credible evidence supporting a finding of total disability." R. 32. It is not for this Court to reweigh the evidence on appeal, but rather to determine whether the ALJ has articulated sufficient reasons for her decision and substantial evidence supports that decision. The Court finds no error as she gave specific, supported reasons for rejecting the treating physician's medical source statement and substantial evidence supports that conclusion.

Based on the above information, there was substantial evidence for the ALJ to determine Plaintiff can perform jobs that exist in significant numbers in the national economy (Step 5). As such, the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

## VIII. Conclusion

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED. A separate judgment will be entered.

DONE this 24th day of May, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE